
HENRY BURRUANO, PLAINTIFF-APPELLEE, v. PUBLIC
SERVICE TRANSPORTATION COMPANY, APPELLANT.

Decided February 4, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Henry H. Fryling.*

For the appellee, *James F. F. O'Brien.*

PER CURIAM.

There was a judgment below for the plaintiff and against
the defendant for the sum of $50.

The defendant-appellant, by its servant, was operating a
passenger bus along Springfield avenue, which vehicle struck
a stone with such force as to hurl it from the street across
the sidewalk and through the plate glass window of the barber
shop of the plaintiff-appellee, causing damage to the plaintiff's
property therein.

That there was testimony that the stone was about six
inches in size; that it reposed about four feet from the curb,
in the roadway; there had been digging in the vicinity where
the stone lay, and that the bus at the time it hit the stone
was being propelled at a speed between eighteen and twenty
miles an hour.

The appellant, in the brief of its counsel, concedes that the stone was lying in the roadway and was struck by the bus with its front tire, and hurled through the shop window of the plaintiff.

The ground relied on for a reversal of the judgment is, that the trial judge, at the close of the entire case, refused to find in favor of the defendant-appellant. The question presented was one of mixed law and fact. The accident happened in the daytime. The stone was lying on the surface of the roadway. The driver testified that he did not see the stone. If he had been on the alert to observe obstructions in the street, there can be no good legal excuse offered why he did not see it. He was propelling his bus at a speed from eighteen to twenty miles an hour in a neighborhood where the houses are close together, and at a place near which an excavation had been going on.

We think that the trial judge was warranted in finding that the driver was not in the exercise of that degree of care which a prudent person was called upon to exercise under the circumstances. *Geise* v. *Mercer Bottling Co.,* 87 *N. J. L.* 224.

The fact, that the stone was hurled with such force from the place where it was lying in the roadway, so as to go through a plate glass window, and wound up its career by doing injury to the plaintiff's property in the shop, leads to the inference that the bus must have been propelled at a high rate of speed, in order to give such impulse to the stone. If the driver had used ordinary prudence he would have seen the stone, and thus have governed the speed of his bus accordingly.

Judgment is affirmed, with costs.